UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CONSTANTINOS MIHELIS, individually and on behalf :
of a class, :
: DECISION AND ORDER
Plaintiff, :
: 11-cv-2215 (WFK) (ARL)
-against- :
:
NETWORK COMMERCIAL SERVICES, INC, :
:
Defendant. :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

On August 8, 2014, United States Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation recommending that this Court award Plaintiff statutory damages in the amount of $500 and costs in the amount of $350. Dkt. No. 22 (Report and Recommendation ("R & R")), at 2. On August 25, 2014, Plaintiff filed his objections to the R & R, but three days past the fourteen-day deadline. Dkt. No. 23 ("Pl.'s Objs."). For the reasons set forth below, Magistrate Judge Lindsay's R & R is adopted in its entirety.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) of the Federal Rules of Civil Procedure, parties may submit "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The Second Circuit has "adopted the rule that failure to object timely to a [magistrate judge's] report waives any further judicial review of the report." *Frank v. Johnson*,

968 F.2d 298, 300 (2d Cir. 1992); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."); *Eustache v. Home Depot U.S.A., Inc.*, 13-CV-42L, 2014 WL 4374588, at *1 (E.D.N.Y. Sept. 2, 2014) (Feuerstein, J.).

Magistrate Judge Lindsay provided Plaintiff with the requisite "express warning" of the consequences of not filing objections in a timely manner, *i.e.* that "[f]ailure to file objections within [the fourteen-day] period waives the right to appeal the District Court's Order." R & R at 11 (citing 28 U.S.C. § 636(b)(1)). Plaintiff's Objections were filed more than fourteen days after filing of the R & R. *See* Dkt. 23. Therefore, the Objections are untimely and Defendant has "waive[d] any further judicial review of the report." *Frank*, 968 F.2d at 300; *see Letizia v. Walker*, 97-CV-0333, 2003 WL 22383569, at *2 (W.D.N.Y. Sept. 30, 2003) (Elfvin, J.) (disregarding objections filed three days after the deadline and adopting report and recommendation in its entirety).

A district court "will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error." *Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.*, 07-CV-656, 2007 WL 4324019, at *1 (E.D.N.Y. Dec. 7, 2007) (Block, J.) (citing *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)). No such error is present here, and the Court adopts Judge Lindsay's R & R in its entirety.

Alternatively, even if the Court were to consider the merits on *de novo* review, the Court would still agree with Judge Lindsay's recommendation that Plaintiff is unable to obtain class damages. As Judge Lindsay rightly concluded, damages on a class-wide basis may not be

awarded if a class is not certified. *See* R & R at 8; *see also Telford v. Ideal Mortgage Bankers, Ltd.*, 09-CV-5518, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010) (Tomlinson, M.J.) ("There must be actual and not just presumed compliance with Rule 23(a)") (internal citations omitted) *adopted at*, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010) (Seybert, J.). Plaintiff has made no motion for class certification pursuant to Federal Rule of Civil Procedure 23, and none of Rule 23's requirements has in anyway been satisfied.

Accordingly, the Court ADOPTS Judge Lindsay's R & R in its entirety. The Court respectfully directs the Clerk of Court to enter judgment in accordance with the R & R and close the case.

**SO ORDERED**

Dated: September 29, 2014
      Brooklyn, New York

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge